[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This action arises out of a claim by the plaintiffs that at the time of his death, William Buenaventura was the owner of a certain life insurance policy issued by the defendant in the face amount of $60,000, with the plaintiffs named as beneficiaries thereunder. The plaintiffs further allege that upon the death of the insured they filed a claim with the defendant for payment of the benefits due to them under the terms of the policy, and that the defendant refused to make the payment.
The first count of the complaint, which is not in issue on this motion, merely alleges that the failure to pay constituted a breach of the defendant's duty under the provisions of the policy.
The second count seeks to allege a cause of action based upon an alleged "reckless indifference to the consequences to the plaintiff", which, the plaintiffs claim, constitutes a "breach of its duty of good faith and fair dealing in dealing with its customers and their grieving beneficiaries." The third count alleges unfair and/or deceptive practices, all of which are couched in terms of the defendant's actions with respect to this policy, which are claimed by the plaintiffs to be violations of General Statutes 38-60, et seq., (CUIPA). The fourth count claims that the actions of the defendant, as they relate to this policy of insurance, violate General Statutes 42-110a, et seq., (CUTPA). In the second, third and fourth counts, the plaintiffs seek CT Page 2571 compensatory and punitive damages, as well as attorney's fees for the claimed statutory violations.
The defendant has moved to strike counts two, three and four of the Amended Complaint, as well as the second and third prayers for relief. To the motion to strike, the plaintiffs have filed objection.
The motion to strike replaced the demurrer in our practice. Its function, like that of the demurrer, is to test the legal sufficiency of a pleading. The motion to strike, like the demurrer admits all facts well pleaded. Ferryman v. Groton, 212 Conn. 138,142. If facts provable under the allegations would support a cause of action, the motion to strike must fail. id at 142.
SECOND COUNT CLAIM
The defendant posits that the mere allegation that the defendant acted "with reckless indifference to the consequences to the plaintiff," is insufficient to support a legal claim of a breach of the duty of good faith and fair dealings without a proper factual predicate. The court agrees.
The second count of the complaint incorporates the allegations of the first count. The first count alleges in summary, that the plaintiffs were the beneficiaries of the life insurance policy; that the insured died; that the plaintiffs made claim for payment under the policy; and, that the defendant refused to pay the claim. The second count realleges those facts and adds that "the defendant's refusal to pay said benefits was without proper cause and with reckless indifference to the consequences to the plaintiff." No additional facts are added to the claim.
"It is manifest that . . . in every insurance contract there is an implied covenant of good faith and fair dealing." L. F. Pace Sons, Inc. v. Travelers Indemnity Co., 9 Conn. app. 30, 46.
"Accordingly, when the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort." Gruenberg v. Aetna Ins. Co., 9 Cal.3d 566,575.
The type of tortious conduct which may allow the award of punitive damages for breach of contract is generally found in claims of wanton and malicious injury, evil motive and violence. L. F. Pace Sons, Inc. v. Travelers Indemnity Co., supra. Here, the facts as alleged as the basis for the claim do not meet that test. The facts alleged in the first count merely allege that the defendant refused to pay. It is in the second count that the merely conclusory language is found. A motion to strike does not CT Page 2572 admit merely conclusory language. Mingachos v. CBS, Inc.,196 Conn. 91, 108.
"[B]ad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity . . . it contemplates a state of mind affirmatively operating with furtive design or ill will." Buckman v. People Express, Inc., 205 Conn. 166, 171.
The second count allegations, dependent as they are on the first count's allegations, do not allege sufficient facts to meet the test. The motion to strike the second count is granted.
THIRD COUNT CLAIM
In the third count, the plaintiffs seek to bring themselves within the protections afforded by General Statutes 38-60, et seq. (CUIPA). The totality of the claim is that in its dealing with this specific policy of insurance, the defendant was guilty of misconduct as defined by General Statutes 38-61(6). The unfair practices as set forth in 11(a) through (d) of the complaint, all deal with the defendant's actions insofar as they relate to the treatment of this policy and these plaintiffs. Taking the allegations in the light most favorable to the pleader, it is still difficult to see how these allegations allege acts of misconduct that affect the general public rather than these plaintiffs.
In order to support a claim of unfair settlement practices under CUIPA, the plaintiffs must allege and prove more than a single act of insurance misconduct. Mead v. Burns, 199 Conn. 651,659. A fair reading of the third count makes it abundantly clear that the claim of the plaintiffs is limited solely to the actions of the defendant in this particular instance. Such conduct will not support a claim of the statutory violation.
The motion to strike the third count is granted.
FOURTH COUNT CLAIMS
The defendant claims that if the third count falls, that the fourth count must also fall. The basis of that claim is that the CUTPA claim, in this case, cannot stand without a valid CUIPA claim. The court agrees.
Where, as here, the only claim is the allegation of an isolated instance of unfair insurance settlement practices, the CUTPA claim must also fall. "The definition of unacceptable insurer conduct in 38-61 reflects the legislative determination that isolated instances of unfair insurance settlement practices are not so violative CT Page 2573 of the public policy of this state as to warrant statutory intervention. Under CUTPA, as under CUIPA, a litigant is bound by this legislative determination." Mead v. Burns, id at 666.
Accordingly, the motion to strike count four is granted.
THE PRAYERS FOR RELIEF
Since the court has granted the defendant's motion to strike counts two, three and four of the Amended Complaint, there is no factual predicate to support the second and third prayers for relief, both of which rely on the statutes for their viability. Consequently, the motion to strike Paragraphs 2 and 3 of the prayers for relief is also granted.
CONCLUSION
The motion to strike Counts Two, Three and Four is granted.
The motion to strike 2 and 3 of the prayers for relief is also granted.
HEIMAN, J.